Jacob A. Hunkele v. Commissioner.
Hunkele v. Commissioner
Docket Nos. 482, 572.
United States Tax Court
1944 Tax Ct. Memo LEXIS 264; 3 T.C.M. (CCH) 426; T.C.M. (RIA) 44149; May 6, 1944
*264 Frank W. Stonecipher, Esq., 1022 Farmers Bank Bldg., Pittsburgh, Pa., for the petitioner. Richard L. Shook, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: These proceedings, consolidated for hearing, are for the redetermination of deficiences in gift tax as follows: Docket
No.
Year
Deficiency
482
1939
$9,150.00
1940
6,782.25
572
1941
2,516.67
The petitioner is a resident of Pittsburgh, Pa. He filed gift tax returns for the taxable years with the collector of internal revenue at Pittsburgh. The return for 1939 showed gross gifts of $50,000 and net gifts of $6,000; that for 1940 showed gross gifts of $18,000 and net gifts of $14,000. The respondent determined that the gross and net gifts for 1939 were $160,000 and $116.000, respectively, and for 1940, $58,000 and $54,000, respectively. He states in his deficiency notice relative to the year 1939: Taxable gifts have been increased in the amount of $150,000.00, which represents the value on January 1, 1939, of a one-half interest in the business carried on by you under the trade name of Independent Towel Supply Company, which you transferred to your wife on January 1, 1939. He states as his reason *265 for increasing the net gifts for 1940 from $14,000 to $54,000 as follows: Net gifts for the year 1940 have been increased in the amount of $40,000.00, representing cash gifts made to your wife, which you failed to include in the return filed by you for that year. In his petition in Docket No. 482, covering the deficiencies determined for the years 1939 and 1940, petitioner states: The determination of tax as set forth in said notice of deficiency is based upon the following errors: 1. In the determination of tax for the year 1939, the Commissioner has erroneously placed a value, as of January 1, 1939, of $150,000.00 on a one-half interest in the business owned by Jacob A. Hunkele and Frieda M. Hunkele and carried on under the trade name of Independent Towel Supply Company. 2. In the determination of tax for the year 1939, the Commissioner has erroneously included as a taxable gift the value placed by him on the one-half interest in the business conducted under the trade name of Independent Towel Supply Company and transferred to Frieda M. Hunkele. 3. In the determination of tax for the year 1940, the Commissioner has erroneously stated the total gifts for that year at $58,000.00, *266 whereas, in fact the actual gifts made in 1940 do not exceed $40,000.00. The deficiency involved for the year 1941 is based entirely upon the amount of the net gifts made by the petitioner during the years 1939 and 1940. The parties have filed a stipulation of facts which is adopted by us as our findings of fact. [The Facts] From 1909 to December 31, 1938, the petitioner as sole proprietor conducted a business in Pittsburgh under the name of Independent Towel Supply Co. The business consisted of laundering all kinds of towels, garments, cotton, linen or woolen fabrics, and supplying customers upon a rental basis. From 1911 petitioner had in his employ a woman who became his wife in 1916. From 1911 to date she has occupied an important position with the company. Her services were of great value to the business. Petitioner paid her a salary of $100 a week during the years 1936, 1937, and 1938. As of January 1, 1939, the petitioner and his wife entered into articles of copartnership and thereafter the business of the Independent Towel Supply Co. was operated as a partnership. The book value of the business at the inception of the partnership was $190,040.14. By the articles *267 of copartnership the petitioner transferred to his wife a one-half interest in the business. In payment therefor she gave her demand note "without interest" in the amount of $95,020.07 which was one-half of the book value. In the determination of the deficiency for 1939 the respondent has assumed that the value of a one-half interest in the business was $150,000 and that the petitioner made a gift to his wife of that one-half interest. To that amount he has added $10,000 of cash gifts, which item is not in dispute, making the gross gifts as determined by the respondent $160,000 and net gifts $116,000. The parties have stipulated: "4. In the determination of the net gifts for the year 1939, it is agreed that the value as of January 1, 1939, of a one-half interest in said business may be taken as $130,000.00." It is apparent from this stipulation that the respondent concedes that he was in error to the extent of $20,000 in his determination of the gross and net gifts for 1939. Respondent insists, however, that $130,000 should be included in the gross and net gifts for 1939 for the one-half interest in the business which was transferred to Frieda M. Hunkele on January 1, 1939. The *268 predicate for this claim appears to be that Frieda M. Hunkele had on January 1, 1939, property of a value of only approximately $33,000. She testified that she owned an interest in real estate which was deeded to herself and her husband by the entireties of a value of about $33,000; that she also had securities which had cost her and which were of a value of $3,100; that she also had money in certain savings accounts, the amount of which she could not state. It is the respondent's contention that since she did not have property exclusive of the one-half interest in the Independent Towel Supply Co. business which was transferred to her by her husband on January 1, 1939, equaling the amount of the note for $95,020.07, it must be assumed that the petitioner intended to make her a gift of a one-half interest in the business. The respondent also points to the fact that on the same date, January 1, 1939, petitioner's wife gave him a second note in the amount of $18,164.44 which was for the purpose of equalizing the investments of the petitioner and his wife in the real estate owned by the entireties. We can not see wherein the value of property owned by Frieda M. Hunkele prior to 1939 *269 is material in these proceedings. The parties have stipulated that a one-half interest in the business of the Independent Towel Supply Co. at January 1, 1939, was $130,000. Clearly the note of $95,020.07 was collectible out of the half interest in the business as well as from other property owned by the wife. All of the evidence goes to show that it was the intention of the parties that Frieda M. Hunkele should pay the petitioner $95,020.07 for her one-half interest in the business. The evidence further shows that payments were made upon the note during 1939 and 1940 totaling $50,000 and at the date of the hearing of these proceedings the balance due on the note was only $41,184.51. In the alternative the respondent contends that since the admitted value of the one-half interest was in excess of what Frieda M. Hunkele was to pay therefor such excess value in the amount of $34,979.93 was a gift made by the petitioner to his wife on January 1, 1939. This contention of the respondent is sustained upon the authority of section 503 of the Revenue Act of 1932 which provides: Where property is transferred for less than an adequate and full consideration in money or money's worth, then *270 the amount by which the value of the property exceeded the value of the consideration shall, for the purpose of the tax imposed by this title, be deemed a gift, and shall be included in computing the amount of gifts made during the calendar year. The respondent has determined that the net gifts in 1939 were in the amount of $116,000. This amount was in excess of gifts actually made in the amount of $95,020.07 plus $20,000 (the difference between $150,000 and $130,000). Therefore the net gifts for 1939 are found to be in the amount of $979.93. Apparently the parties are in agreement as to the correct amount of the gross and net gifts made by the petitioner during 1940. The stipulation is to the effect: 11. During the years 1939 and 1940, the petitioner executed and delivered seven checks to Frieda M. Hunkele, photostatic copies of which are attached hereto as Exhibit 5-E and made a part hereof by reference. Except for the delivery of said checks he made no cash gifts to her during said years. The cash gifts made during 1939 as shown by the cancelled checks were in the amount of $10,000 and in 1940 in the amount of $40,000. We are uncertain from the stipulation whether the *271 "cash" gifts of $40,000 constituted all of the gifts made by the petitioner during 1940. The respondent determined that the gross and net gifts for 1940 were in the amounts of $58,000 and $54,000, respectively. Nothing is said in the brief of either party relative to the $18,000 gross gifts returned by the petitioner for 1940. If the parties are in agreement that the $40,000 "cash" gifts made by the petitioner in 1940 were the only gifts made during that year, the net gifts for 1940 were in the amount of $36,000; otherwise, in the amount of $54,000 as determined by the respondent. The parties have stipulated: 12. The amount of net gifts as herein determined by this court with respect to the years 1939 and 1940 may be accepted as the petitioner's net gifts for prior years in computing the petitioner's gift tax for the year 1941. Decisions will be entered under Rule 50.